UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JAMES VERA,<br>      Plaintiff, | :<br>:<br>: |
| v. | :    3:10-cv-1417 (WWE) |
| WATERBURY HOSPITAL,<br>      Defendant. | :<br>:<br>: |

## **MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS**

Plaintiff James Vera brings this action alleging that defendant Waterbury Hospital violated the Family and Medial Leave Act ("FMLA"), 29 U.S.C. §§ 2615 et seq.; Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e; Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12111 et seq.; the Rehabilitation Act, 29 U.S.C. §§ 794 et seq.; and the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. §§ 46a-60 et seq. Plaintiff also asserts common law claims for intentional infliction of emotional distress and wrongful termination in contravention of public policy. Now pending before the Court is defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. #11). For the following reasons, defendant's motion will be granted.

Plaintiff originally commenced this action in state court. Defendant removed it pursuant to 28 U.S.C. §§ 1441 and 1446. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 as to the federal law claims, and 28 U.S.C. § 1367(a) as to the state law claims.

## **BACKGROUND**

For purposes of ruling on a motion to dismiss, the Court accepts all factual

1

allegations of the complaint as true.

Plaintiff James Vera is a homosexual, white male residing in Naugatuck, Connecticut and is in a committed relationship with his life partner, William Maroney. Defendant Waterbury Hospital employs more than 100 persons. Plaintiff was employed by defendant from April 2002 to August 7, 2009 as a Respiratory Therapist and, subsequently, as a Polysomnographic Technologist in the hospital's Sleep Laboratory. Throughout his employment, plaintiff worked on the third, or night, shift. Plaintiff's work has always been excellent.

Plaintiff's sexual orientation is well-known to defendant. In fact, Maroney was also employed by defendant. Throughout his employment, his sexual orientation has been subject of comment, derision and off-color references and has caused discomfort to several of defendant's employees.

Plaintiff is a qualified individual with a disability, or is perceived as such by defendant. Defendant is aware of plaintiff's disability or perceives him to be disabled. At all times relevant to this action, plaintiff was able to perform the essential functions of his position with or without reasonable accommodation.

In May 2005, plaintiff began to experience physical difficulties at work. Plaintiff sought extensive medical evaluation, yet he continued to suffer. On February 18, 2008, plaintiff passed out, striking his head and breaking his glasses. Plaintiff thereafter sought further medical evaluation. On April 22, plaintiff was rushed from work to defendant's emergency room, suffering from cardiac symptoms.

Thereafter, plaintiff requested that he be provided with reasonable accommodation. Recognizing plaintiff's physical disabilities, defendant provided

plaintiff with disability and FMLA paperwork.  Defendant acknowledged the necessity that plaintiff be moved from the night shift but refused to provide plaintiff with reasonable accommodation.  On April 16, 2009, plaintiff again requested that he be moved from the night shift upon order of his physician; defendant refused.

Plaintiff filed a request for disability and for FMLA leave with defendant.  This request was denied.  Cynthia Kania in defendant's human resources department was the contact person for plaintiff's disability application.  She was also the contact person for plaintiff's partner's disability request.

Kania informed the Department of Labor of plaintiff's sexual orientation and hi relationship with Maroney, specifically that plaintiff and Maroney are a "couple."  Kania's purpose was to prevent plaintiff from obtaining benefits to which he was entitled including benefits from defendant and the state of Connecticut.

On July 30, 2009, defendant falsely informed the Department of Labor that plaintiff was on a paid leave of absence.  When plaintiff confronted a representative of defendant, it was acknowledged that the statement was untrue.  Plaintiff was then told that the burden was on him to prove the statement untrue.  Thereafter, the representative ordered that plaintiff "and his little friend return to work or it will be a long drawn-out painful process."  By "little friend," the representative was referring to Maroney.  The representative threatened to consider plaintiff's disability a "voluntary resignation" so that he would be unable to obtain unemployment or COBRA benefits after his termination.  Defendant terminated plaintiff's employment on August 7, 2009.

# DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct. Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937 (2009).

## I. Discrimination on the Basis of Sexual Orientation

Defendant first moves to dismiss count two of the complaint which asserts a claim for discrimination on the basis of plaintiff's sexual orientation in violation of Title VII. Title VII provides that "[i]t shall be an unlawful employment practice for an employer … to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin…." 42 U.S.C. § 2000e-2(a)(1). To make out a prima facie case under Title VII, a plaintiff must show: (1) he is a member of a protected class; (2) he is competent to perform her job or performed her job satisfactorily; (3) there was an adverse employment action; and (4) circumstances supporting an

inference of discrimination.  See Swierkiewicz v. Sorema N.A., 534 U.S. 508, 510 (2002).

Sexual orientation is not included as a statutorily-protected class, and the Court of Appeals for the Second Circuit has declined to find that Title VII protects an individual on the basis of his sexual orientation.  See Kiley v. ASPCA, 296 Fed. Appx. 107, 109 (2d Cir. 2008); Simonton v. Runyon, 232 F.3d 33 (2d Cir. 2000).  Therefore, plaintiff cannot show that he is a member of a protected class based on his sexual orientation. Further, in his opposition, plaintiff argues that he suffered a hostile work environment because of his sexual orientation.  Even this type of claim is not recognizable under Title VII.  See Trigg v. N.Y. City Transit Auth., 50 Fed. Appx. 458, 459 (2d Cir. 2002). To the extent that plaintiff alleges a claim under Title VII for discrimination or hostile work environment because of his sexual orientation, such claim will be dismissed.[1] Similarly, there are insufficient allegations to support a claim for hostile work environment based on plaintiff's gender.

Finally, even if the complaint can be read as asserting a claim for retaliation, plaintiff does not sufficiently allege such a claim.  His complaint is devoid of any allegations that he engaged in any protected activity under Title VII.  See Kessler v.

---

[1] Although the second count of the complaint for relief does not mention plaintiff's sexual orientation, when read as a whole, the claims of complaint are focused on plaintiff's sexual orientation, not his gender or racial background.  As such, the Court does not read count two as asserting a claim for gender or racial discrimination. Plaintiff does discuss his alleged-disability in the complaint, but Title VII does not protect an individual from discrimination based on disability.  See Rivera v. Heyman, 157 F.3d 101, 105 (2d Cir. 1998); Vendryes v. Potter, 2009 U.S. Dist. LEXIS 56655, *26 n.3 (D. Conn. June 30, 2009).  Therefore, the second count cannot be read to assert a claim for discrimination on the basis of plaintiff's disability.

Westchester County Dep't of Soc. Servs., 461 F.3d 199, 205-06 (2d Cir. 2006) (stating that allegations that plaintiff engaged in protected participation or opposition under Title VII are necessary elements of a prima facie case). Therefore, a retaliation claim cannot stand.

II.     **Wrongful Termination Claim**

Defendant next moves to dismiss count eight of the complaint for wrongful termination in violation of public policy on the grounds that such claim is preempted because of various statutory remedies available to plaintiff. Plaintiff did not respond to this argument.

Despite the norm of employment-at-will, an employee can assert a claim for wrongful discharge were he "can prove a demonstrably improper reason for dismissal, a reason whose impropriety is derived from some important violation of public policy." Sheets v. Teddy's Frosted Foods, Inc., 179 Conn. 471, 474 (1980). Where an employee has a statutory remedy, however, the common law claim of wrongful discharge is unavailable. See Atkins v. Bridgeport Hydraulic Co., 5 Conn. App. 643, 648 (1985).

In this case, plaintiff is able to assert all of his claims through the various statutes that he cites within the complaint – FMLA, ADA, the Rehabilitation Act and CFEPA. These statutes provide the exclusive remedies for his various discrimination claims. Therefore, his claim for wrongful termination in violation of public policy is preempted and will be dismissed.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss (Doc. #11).

Dated at Bridgeport, Connecticut, this 16th day of November, 2010.

/s/
Warren W. Eginton
Senior United States District Judge